## UNITED STATES *v.* BATES (No. 1604).[1]

UNDERVALUATION.

Where the consular invoice showed a net *per se* value of 8,310.60 francs, nondutiable charges of 113.25 francs, and dutiable charges of 972 francs, and entrant, attaching his declaration to the consular invoice, erroneously deducted the nondutiable charges from the net *per se* value stated in the invoice, making no mention of the dutiable charges, "additional duty," under paragraph I of section 3, tariff act of 1913, should be levied proportionate to an undervaluation of 113.25 francs, and not 113.25 plus 972 francs.

United States Court of Customs Appeals, January 28, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38066.

[Affirmed.]

*Bert Hanson,* Assistant Attorney General, for the United States.
*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellees.

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The sole question in this case relates to certain "additional duty" which was levied upon the present merchandise by the collector, under authority of paragraph I of section 3 of the tariff act of 1913. The following is a copy of the provision in question:

\* \* \* And if the appraised value of any article of imported merchandise subject to an ad valorem duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the value declared in the entry, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total appraised value thereof for each 1 per centum that such appraised value exceeds the value declared in the entry; \* \* \*.

The merchandise consisted of straw hats which were imported from Italy and were dutiable at the rate of 40 per cent ad valorem. They were entered by the importer at the port of New York upon a consular invoice executed at Milan by the sellers of the goods.

The importation comprised 27 cases, each containing 1 dozen hats. These were separately itemized in the invoice, together with the price of each, the aggregate being 8,784 francs. From that total a cash discount of 5 per cent was deducted, leaving 8,310.60 francs as the stated net value of the hats. Immediately underneath the foregoing statement in the invoice were the following items:

|  | Francs. |
|---|---|
| Carriage to Genoa | 100 |
| Consular fee | 13.25 |
| Packing | 972 |
|  | 1,085.25 |

---

[1] Reported in T. D. 36149 (30 Treas. Dec., 223).

Upon the face of the invoice the sum of these charges was neither added to nor deducted from the valuation of 8,310.60 francs, beneath which they were entered. But upon the back of the invoice in an appropriate printed form the amount of the invoice was stated to be 9,395.85 francs, which amount was evidently reached by adding the sum of the charges, viz, 1,085.25 francs, to the value of the hats previously stated in the invoice, viz, 8,310.60 francs. It therefore appeared from the invoice when taken together that the sum of 8,310.60 francs was intended to express the net *per se* valuation of the hats, and that the 1,085.25 francs were the charges thereon. The first two items of these charges were nondutiable, while the last item, namely, "packing, 972 francs," was dutiable in character.

It may be stated at this point that the merchandise was afterwards in due course appraised, reappraised, and re-reappraised, and that the *per se* value thereof was found to be 8,310.60 francs.

The importer entered the merchandise upon the consular invoice above described. In his declaration, therefore, he should have stated the *per se* value of the merchandise to be 8,310.60 francs, in accordance with the statements of the invoice. Instead of this, however, the entrant erroneously deducted from that amount the sum of 113.25 francs, being the nondutiable charges above set out, leaving a net valuation of only 8,197.35 francs. This deduction was of course made by the entrant upon the theory that the nondutiable charges in question had been included within the given total of 8,310.60 francs, whereas, as already stated, these charges in fact had not been included within that total. It is accordingly conceded by the importer that the declared valuation was incorrect to the extent of 113.25 francs, and that the merchandise thereby became liable to additional duties proportionate to that amount. Such additional duty was assessed by the collector, and his action to that effect is not contested by the importer.

The collector, however, held the merchandise to be liable to other additional duties, in addition to those just referred to, and these furnish the real issue in the present case. As has been stated, the consular invoice stated the value of the merchandise to be 8,310.60 francs, which amount was afterwards adopted by the appraisers as the *per se* value of the goods. But as has already been stated, the invoice not only set out the foregoing value of 8,310.60 francs, but also appended thereto a list of three items of charges, namely, carriage to Genoa, 100 francs; consular fee, 13.25 francs; and packing, 972 francs. The first two charges were nondutiable in character, but the third item should be added in for assessment. In the declaration the entrant stated the value of the merchandise to be 8,310.60 francs, less 113.25 francs, viz, the sum of the two nondutiable charges, whereby the sum of 8,197.35 francs was reached as the

apparent net value of the merchandise. The factor of confusion which raises the present issue is found in the fact that the entrant made no mention whatever in his declaration of the dutiable charge of 972 francs for packing. That is to say, the entrant stated 8,197.35 francs as the apparent net value of the merchandise, after deducting the two nondutiable charges, but he failed to state specifically in the declaration whether the dutiable charge of 972 francs for packing was or was not included therein.

The collector held that the declaration should be interpreted as meaning that the dutiable charge of 972 francs for packing was in fact included within the stated valuation of 8,197.35 francs, and that accordingly the *per se* value of the merchandise was thereby impliedly stated as 7,225.35 francs. Accordingly, the collector held that the entrant had not only directly understated the *per se* value of the merchandise in the sum of 113.25 francs in his declaration, but had also by fair interpretation impliedly understated the *per se* value in the additional sum of 972 francs. Acting upon this interpretation the collector assessed additional duties upon the appraised value of the merchandise proportionate to an alleged undervaluation in the sum of 113.25 francs plus 972 francs.

The importer conceded the validity of such additional duties as are proportionate to the express undervaluation of the merchandise in the sum of 113.25 francs, but he protested against those additions which were based upon the implied undervaluation of 972 francs.

The protest was submitted to the Board of General Appraisers and was sustained, from which decision the Government appeals.

We think that the decision of the board rightly follows from the facts which have already been stated. The declaration of the entrant was attached to the consular invoice, which fairly showed that the valuation of 8,310.60 francs as therein set out was intended to express the *per se* valuation of the merchandise, exclusive of the 972 francs of dutiable packing charges. Accordingly, the valuation of 8,310.60 francs, when adopted into the declaration, would naturally be understood to be the *per se* value of the merchandise. The entrant himself, however, negatived this implication to the extent of 113.25 francs when he erroneously deducted that sum from the 8,310.60 francs in the declaration. This error, however, had no relation to the packing charge of 972 francs, and did not lead to the conclusion that this item also was intended to be deducted from the 8,310.60 francs in order to find the *per se* value of the merchandise. The fact that the entrant in his declaration specifically deducted 113.25 francs from the stated value of the merchandise is quite consistent with the interpretation that the residue was the net *per se* value thereof. This residue, namely, 8,197.35 francs, should therefore be interpreted as the entrant's declaration of the net *per se* value of the merchandise.

This sum, as already set out, was only 113.25 francs less than the appraised value of the merchandise; consequently the finding of the collector that the declaration was also 972 francs less than the appraised value was incorrect. It is true that the declaration might have been more definite and specific in respect to the charge in question, but, on the other hand, no effort was made therein to deceive or mislead the collector, nor could the figures, when taken together, have had that effect. Under these circumstances, we think that the collector erred in the interpretation which he placed upon the declaration in so far as the packing charges were concerned, and the decision of the board reversing the assessment to that extent is *affirmed*.